UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PAUL VOGLINO, | : | |
| | | CIVIL ACTION NO. 3:21-565 |
| Plaintiff | : | |
| v. | : | (JUDGE MANNION) |
| JOSH SHAPIRO; REBECCA A. ELO; TROOPER JENNIFER A. KOSAKEVITCH; and RALPH ZEZZA, *Special Agent*, | : | |
| | : | |
| Defendants | | |

## MEMORANDUM

Before the court are defendants Josh Shapiro ("Shapiro"), Rebecca A. Elo ("Elo"), Trooper Jennifer A. Kosakevitch, and Special Agent Ralph Zezza's motions to dismiss, (Docs. 8, 9, 10), plaintiff Paul Voglino's complaint, (Doc. 1). For the reasons that follow, defendants' motions to dismiss will be granted. Pursuant to 28 U.S.C. §1367(c), the remaining state law claims, which came before this court on the basis of supplemental jurisdiction, will also be dismissed without prejudice.

I.      **Background**

    Plaintiff is a former employee of Lackawanna County Prison ("LCP"), a correctional institution where he had been employed as a prison guard or correctional officer from 1994 to 2018. (Doc. 1 at ¶¶1, 8-10, 108). On various occasions between 1998 and 2016, LCP housed a female inmate, Jamie Tompkins ("Tompkins"). *Id*. at ¶13. Between 2002 to 2016, Tompkins testified in investigations and legal proceedings about alleged sexual misconduct of correctional officers in LCP but did not name plaintiff in such testimonies. *Id*. at ¶¶16-21, 25-29, 31-33, 41, 47.

    However, Tompkins wrote a statement regarding plaintiff on September 13, 2016 to Detectives Mancuso and Kolcharno, which averred "I jerked him off 3 times in jail and had sex once, in my cell in the hole." *Id*. at ¶46. On February 8, 2018 a Grand Jury recommended charging plaintiff with involuntary deviate sexual intercourse under 18 Pa.C.S. §3123(a)(1) and 18 Pa.C.S. §3123(a)(2). (Doc. 17-1 at 19-20). Defendant was subsequently charged, arrested, and released on bail on February 14, 2018. (Doc. 1 at ¶¶97-101; Doc. 17-2; Doc. 17-3). The next day, defendant Shapiro held a press conference, in which he noted seven correctional officers, including plaintiff, were arrested for coercing female inmates into having sex. (Doc. 1 at ¶¶97-101).

Preliminary hearings regarding defendant's involuntary deviant intercourse charges were held on May 9 and May 29, 2018 in the Court of Common Pleas of Lackawanna County. (Docs. 17-4, 17-5). Following the May 29 hearing, Magisterial District Justice Paul Ware dismissed defendant's 18 Pa.C.S. §3123(a)(1) charge. (Doc. 1 at ¶65; Doc. 17-5). On July 31, 2019, plaintiff and his counsel executed a Memorandum of Understanding, in which plaintiff agreed to cooperate with the Pennsylvania Office of the Attorney General and the Pennsylvania State Police in the investigation and prosecution of criminal activities of which he had knowledge, in exchange for the Commonwealth of Pennsylvania's agreement to motion for a *nolle prosequi* in defendant's pending case under 18 Pa.C.S. §3123(a)(2). (Doc. 1 at ¶116; Doc. 17-6 ; Doc. 17-7). On August 29, 2019, the defendant's remaining charge was dropped as a result of a *nolle prosequi* order. *Id*.

On March 26, 2021, plaintiff commenced this action by filing a complaint asserting claims for 42 U.S.C. §1983 malicious prosecution (Count I), 42 U.S.C. §1983 false arrest (Count II), 42 U.S.C. §1983 false imprisonment (Count III), 42 U.S.C. §1983 supervisory liability (Count IV), state law malicious prosecution (Count V), and state law false arrest and false imprisonment (Count VI). (Doc. 1). Defendants filed their respective motions

to dismiss on May 25, 2021, followed by corresponding briefs in support. (Docs. 8, 9, 10, 17, 18, 20).[1] On July 13, 2021, plaintiff filed his brief in opposition to plaintiff's motions to dismiss. (Doc. 26). As defendants have not filed replies within the time in which they are permitted to do so, defendants' motions to dismiss have been fully briefed and are ripe for discussion.

II.     **Standard of Review**

Fed.R.Civ.P. 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated, Hedges v. U.S. , 404 F.3d 744, 750 (3d Cir. 2005), and dismissal is appropriate only if, accepting all of the facts alleged in the complaint as true, the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007) (abrogating "no set of facts" language found in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The facts alleged must be sufficient to "raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. This requirement "calls for enough fact[s] to raise a reasonable

---

[1] Defendants timely waived service under Fed.R.Civ.P. 4(d). (Doc. 3).

expectation that discovery will reveal evidence of" necessary elements of the plaintiff's cause of action. *Id*. Moreover, in order to satisfy federal pleading requirements, the plaintiff must "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (brackets and quotations marks omitted) (*quoting Twombly*, 550 U.S. 544 at 555).

    In ruling on a motion to dismiss, the court generally considers the complaint, exhibits attached to the complaint, and matters of public record. *In re Lengyel*, No. 3:CV–13–2821, 2014 WL 2003099 (M.D.Pa. May 15, 2014) (*citing Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010)). The court may consider "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002). Moreover "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents" may be considered. *Id*. However, the court may not rely on other parts of the record in determining a motion to dismiss. *See Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994).

Generally, the court should grant leave to amend a complaint before dismissing it as merely deficient. See, e.g., Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 252 (3d Cir. 2007); Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000). "Dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility." Alston v. Parker, 363 F.3d 229, 236 (3d Cir. 2004).

### III. Discussion

#### a. §1983 Malicious Prosecution (Count I)

To state a §1983 malicious prosecution claim under the Fourth Amendment, a plaintiff must show that: "(1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in his favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." Johnson v. Knorr, 477 F.3d 75, 82 (3d Cir. 2007).

The favorable termination element is only satisfied if the criminal case was "disposed of in a way that indicates the innocence of the accused."

*Kossler v. Crisanti*, 564 F.3d 181, 187 (3d Cir. 2009). Depending on the facts, a plaintiff may be able to satisfy the favorable termination element if he shows that his criminal proceeding was terminated by:

"(a) a discharge by a magistrate at a preliminary hearing, or

(b) the refusal of a grand jury to indict, or

(c) the formal abandonment of the proceedings by the public prosecutor, or

(d) the quashing of an indictment or information, or

(e) an acquittal, or

(f) a final order in favor of the accused by a trial or appellate court."

*See id*. at 187. (citations omitted).

While "a grant of *nolle prosequi* can be sufficient to satisfy the favorable termination requirement for malicious prosecution, not all cases where the prosecutor abandons criminal charges are considered to have terminated favorably." *Donahue v. Gavin*, 280 F.3d 371, 383 (3d Cir. 2002) (quoting *Hilfirty v. Shipman*, 91 F.3d 573, 579-80 (3d Cir. 1996)). Instead, a decision by the government to file a motion for *nolle prosequi* abandoning criminal charges "signifies termination of charges in favor of the accused only when their final disposition is such as to indicate the innocence of the accused." *See id*. at 383. (citation omitted). The court may look beyond

the *nolle prosequi* order itself "to any other matter in the record ... as to why the motion was filed or granted." *Spiess v. Pocono Mountain Reg'l Police Dep't*, 2013 WL 1249007, at *12 (M.D. Pa. Mar. 26, 2013) (*quoting DiFronzo v. Chiovero*, 406 F. App'x 605, 609 (3d Cir. 2011)); *see also Kossler*, 564 F.3d at 187-94 (district courts must conduct a "fact-based inquiry" to consider, in conjunction with the *nolle prosequi*, "underlying facts" and "particular circumstances" as to why the order was filed).

Initially, plaintiff's malicious prosecution claim predicated on his 18 Pa.C.S. §3123(a)(1) charge is time-barred. As "actions brought under 42 U.S.C. §1983 are governed by the personal injury statute of limitations of the state in which the cause of action accrued," the applicable statute of limitations for plaintiff's malicious prosecution claim is two years pursuant to Pennsylvania law. *See O'Connor v. City of Newark*, 440 F.3d 125, 126 (3d Cir. 2006) (*citing Cito v. Bridgewater Twp. Police Dep't*, 892 F.2d 23, 25 (3d Cir. 1989)); 42 Pa.C.S.A §5524(1). Since plaintiff's 18 Pa.C.S. §3123(a)(1) charge was dismissed on May 29, 2018, this instant action, filed on March 26, 2021, exceeds the applicable two year statute of limitations.

Defendants argue plaintiff's remaining charge also cannot form a basis of a malicious prosecution claim. In support of their position, defendants submit the undisputed transcript of the August 29, 2019 *nolle prosequi*

hearing and Memorandum of Understanding between plaintiff and the Commonwealth of Pennsylvania. (Doc. 17-6 at 2; Doc. 17-7). Both documents indicate the *nolle prosequi* was based upon plaintiff's agreement to provide material information and cooperate with the Commonwealth of Pennsylvania in other legal proceedings. *Id*.

Similar to cases finding dismissal proper because a motion and order for *nolle prosequi* failed to indicate why charges were dismissed or that defendant was in fact innocent, the record here does not indicate the defendant was in fact innocent. *See DiFonzo*, 406 F. App'x. at 609 (finding *nolle prosequi* order insufficient to signify termination in favor of the accused where it "says nothing as to why the motion was filed or granted"). While plaintiff contends defendants abandoned their remaining charge because there was not a viable case against plaintiff to begin with, he fails to allege any facts in support of his claim. (Doc. 26 at 14-15). Because the alleged facts do not suggest defendant's innocence with respect to his criminal charge under 18 Pa.C.S. §3123(a)(2), the court will dismiss plaintiff's §1983 malicious prosecution claim without prejudice to plaintiff's right to file an amended complaint that cures the deficiencies identified.

### b. §1983 False Arrest and False Imprisonment (Counts II and III)

Count II of the complaint comprises plaintiff's false arrest claim against defendants pursuant to §1983 and Count III contains plaintiff's false imprisonment claim against defendants pursuant to §1983. Defendants seek dismissal of these claims on the basis that plaintiff has insufficiently pled lack of probable cause requisite to both claims or, alternatively, they are barred by a two-year statute of limitation.

As previously noted, the statute of limitations in a §1983 claim is provided by the law of the state in which the cause of action arose. *Wallace v. Kato*, 549 U.S. 384, 388 (2007). However, "the accrual date of a §1983 cause of action is a question of federal law that is *not* resolved by reference to state law." *Id*. (emphasis in the original). Such accrual begins when "a plaintiff has a complete and present cause of action [...] that is, when the plaintiff can file suit and obtain relief." *Id*. (*citing Bay Area Laundry and Dry Cleaning Pension Trust Fund v. Ferbar Corp. of California, Inc.*, 522 U.S. 192, 201 (1997)). Thus, the statute of limitations for a false arrest claim runs from the date of the arrest because the claim can be filed as soon as the alleged unlawful arrest occurs. *Id*. at 388-89.

"Although a claim for false imprisonment may also be brought as soon as the seizure occurs, because being imprisoned limits the ability to file suit, the running of the statute of limitations for a false imprisonment claim does not begin until the false imprisonment ends." *See Collins v. City of Philadelphia*, No. 16-5671, 2018 WL 1980079, at *3 (E.D.Pa. Apr. 27, 2018) (*citing Wallace*, 549 U.S. at 388-39). However, the time in which false imprisonment ends is different from the time of release. *Wallace*, 549 U.S. at 388-89. Since "false imprisonment consists of detention without legal process, a false imprisonment ends once the victim becomes held *pursuant to such process*—when, for example, he is bound over by a magistrate or arraigned on charges." *See id*. (emphasis in the original) (citations omitted). Once an arrestee is held pursuant to the legal process, such as the issuance of process or preliminary hearing, imprisonment is deemed legal. *Id*. at 389-390. To summarize, "the statute of limitations upon a §1983 claim seeking damages for a false arrest [or false imprisonment] in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process." *Collins*, 2018 WL 1980079, at *3 (quoting *Wallace*, 549 U.S. at 397) (internal quotations omitted) (alterations in the original).

Here, the applicable statute of limitations for plaintiff's false arrest and false imprisonment claims is two-years pursuant to Pennsylvania law. *See* 42 Pa.C.S.A §5524(1). Plaintiff's claims arise from his arrest on February 14, 2018. (Doc. 1 at ¶¶77-84). On the date of plaintiff's arrest, Supervising Judge Anthony A. Sarcione authorized the Commonwealth of Pennsylvania to prosecute defendant "by instituting appropriate criminal proceedings." (Doc. 17-1 at 6). Preliminary hearings were held in May 2018. (Docs. 17-4, 17-5). Over two years later, on March 26, 2021, plaintiff filed the present action. Accordingly, plaintiff's §1983 false arrest and false imprisonment claims are each time-barred and will be dismissed with prejudice.

### c. §1983 Supervisory Liability (Count IV)

Supervisory liability cannot be imposed under §1983 by *respondeat superior*. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978); *Durmer v. O'Carroll*, 991 F.2d 64, 69 n.14 (3d Cir. 1993). "Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Iqbal, 556 U.S. at 677*. A plaintiff must show that an official's conduct caused the deprivation of a federally protected right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Gittlemacker v. Prasse*, 428 F.2d 1, 3

(3d Cir. 1970) (a plaintiff "must portray specific conduct by state officials which violates some constitutional right.").

"There are only two avenues for supervisory liability." See Lewis v. Wetzel, 153 F.Supp.3d 678, 696 (M.D.Pa. 2015). "First […] if the supervisor knew of, participated in or acquiesced in the harmful conduct, and second, if a supervisor established and maintained a policy, custom or practice which directly caused the constitutional harm." See id. (citing Capone v. Marinelli, 868 F.2d 102, 106 (3d Cir. 1989); Santiago v. Warminster Township, 629 F.3d 121, 129 (3d Cir. 2010); A.M. ex rel. J.M.K. v. Luzerne County Juvenile Center, 372 F.3d 572, 586 (3d Cir. 2004)).

Here, plaintiff fails to plausibly allege a supervisory liability claim under either of these two avenues. Under the first avenue, plaintiff argues defendant Shapiro knew plaintiff was wrongly charged. In support, plaintiff only alleges defendant Shapiro held a press conference, in which Shapiro stated that "arrested prison guards, including Plaintiff Voglino, coerced female inmates to have sex with them." (Doc. 1 at ¶¶97, 100-105).

Similarly, under the second avenue for supervisory liability, plaintiff alleges defendant Shapiro and his supervisory agents maintained a policy, practice or custom which caused plaintiff constitutional harm, but has not alleged any facts in support of his position. (Doc. 1 at ¶¶170-71,176). Without

- 13 -

more, plaintiff's supervisory liability claim cannot rise above the speculative level and is deficient. *Accord*, Wetzel, 153 F.Supp.3d at 696 ("[..] with respect to the second avenue of liability conclusory, vague and speculative allegation of custom, policy or practice are insufficient under *Twombly* and *Iqbal*.)" The court will accordingly dismiss plaintiff's §1983 supervisory liability claim without prejudice.

Moreover, the court notes that while plaintiff does not specifically include a count for conspiracy, he generally contends the joint effort of all four defendants in omitting the exculpatory evidence relating to the charges levied against plaintiff amounts to a violation of plaintiff's constitutional rights. (Doc. 26 at 23). But to the extent plaintiff intended to assert a claim of conspiracy, he has not alleged any supporting facts and so cannot proceed with such a claim at this stage.

### d. Absolute Prosecutorial Immunity

As previously discussed, the court will dismiss plaintiff's claims predicated upon federal law. The court further observes that, to the extent plaintiff seeks to impose liability upon defendant Elo, it is well-settled that prosecutors are entitled to absolute immunity when performing their official duties, including the decision to prosecute or not prosecute an individual. *See* Stankowski v. Farley, 487 F.Supp.2d 543 (M.D. Pa. 2007); Radocesky

v. Munley, 247 Fed.App'x 363, 365 (3d Cir. 2007). Plaintiff's only factual allegations regarding defendant Elo concern her conversation with an attorney about potential testimony before a grand jury, and her elicitation of testimony at plaintiff's preliminary hearing. (Doc. 1 at ¶¶62, 75). Because such alleged conduct fell within defendant Elo's official duties as Deputy Attorney General, plaintiff has failed to state a claim against her. As such, plaintiff's claims against defendant Elo will be dismissed with prejudice.

### e. State Malicious Prosecution, False Arrest, and False Imprisonment (Counts V and VI)

The plaintiff's remaining claims, Counts V and VI, malicious prosecution as well as false arrest and false imprisonment respectively, arise under state law. (Doc. 1 at 38-39). A federal court has supplemental jurisdiction over any state law claim arising out of the same case or controversy as those claims over which the court has original jurisdiction. 28 U.S.C. §1367(a). But a district court may decline to exercise supplemental jurisdiction if it has dismissed all the claims over which it has original jurisdiction. 28 U.S.C. §1367(c)(3). "A district court 'may decline to exercise supplemental jurisdiction' over state law claims if it 'has dismissed all claims over which it has original jurisdiction[,]' unless considerations of judicial economy, convenience, or fairness to the parties provide an affirmative

justification for exercising supplemental jurisdiction." See *Patel v. Meridian Health System*, Inc., 666 Fed.Appx. 133, 136 (3d Cir. 2016) (*citing Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000)).

As previously explained, the federal claims in this action will be dismissed. The remaining claims for malicious prosecution as well as false arrest and false imprisonment, originate under state law and come before this court under supplemental jurisdiction. Principles of comity and judicial economy suggest that this court, in its exercise of discretion, should decline to address the pendent state law claims. See *Patel*, 666 Fed.Appx. at 136-7 (finding district court did not abuse its discretion in declining to exercising supplemental jurisdiction over appellants' remaining state law claims "[g]iven the absence of federal claims and of any extraordinary factors warranting supplemental jurisdiction"). Thus, this court declines to continue to exercise supplemental jurisdiction over the remaining claims in this case and will dismiss them without prejudice.

IV. **Conclusion**

For the foregoing reasons, the defendants' motions to dismiss, (Docs. 8, 9, 10), will be granted. Plaintiff's state law claims, malicious prosecution

as well as false arrest and false imprisonment, against defendants will be dismissed without prejudice pursuant to 28 U.S.C. §1367(c).

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: December 23, 2021**
21-565-01